DANIEL BULLOCK, PLAINTIFF IN ERROR, v. D. C. JORDAN, DEFENDANT IN ERROR.

**Jurisdiction of Justices.** Under the provisions of section 1103 of the code, justices of the peace have jurisdiction of causes founded on promissory notes, bonds, or other written instruments, where the sum in question does not exceed two hundred dollars.

ERROR to the district court for Butler county. Tried below before POST, J.

*Horace Garfield,* for plaintiff in error.

*J. W. McLoud* and *S. Clingman*, for defendant in error.

COBB, CH. J.

The sole question presented in this case is, whether under the provisions of section 1103 of the civil code a justice of the peace possesses jurisdiction to try and render judgment in a case founded on a promissory note for a sum in excess of $100, but not exceeding $200.

Section 1103 reads as follows: "Justices of the peace shall have jurisdiction in all cases where the sum in question does not exceed two hundred dollars, except in cases limited in this title." Among the many sections contained in the same title is section 1100, which reads as follows:

" In all actions instituted before a justice of the peace, founded upon any bond, bill, promissory note, or other instrument of writing for the payment of a sum of money certain, of which the whole amount of money promised therein is due, it shall be the duty of the plaintiff, his agent, or attorney, to file said bond, bill, promissory note, or other written evidence of indebtedness upon which said suit is brought with such justice of the peace; and if upon the trial, judgment shall be entered thereon in favor of the plaintiff, such bond, bill, promissory note, or other instrument in writing shall be retained by the justice so rendering judgment, who shall endorse thereon the sum for which he shall have entered judgment (provided the same shall in no wise exceed one hundred dollars!) and shall subscribe his name thereto. And upon payment, or tender of the amount of such payment, together with the costs accruing thereon or securing the payment of the same by putting in bail for the stay of execution, it shall not be lawful for the plaintiff to institute any other suit or suits upon such bond, bill, promissory note, or other instrument of writing, for the recovery of any other sum or sums, the payment of which is secured by the same bond, bill, promissory note,

or other evidence of indebtedness; *Provided*, That when an appeal shall be taken from the judgment of such justice it shall be his duty to transmit any bond, bill, promissory note, or other written evidence produced before him on trial, to the clerk of the district court to which such cause shall have been appealed, on or before the second day of the term of the court next after taking such appeal; *Provided, also,* That nothing herein contained shall be construed to lessen or in anywise affect the right which any creditors now have to demand from any justice of the peace, any joint and several obligation, for the purpose of prosecuting any party to said obligation, other than the party against whom judgment may have been rendered."

Now is it this section 1100 that is referred to in 1103 as limiting the jurisdiction of justices of the peace? I think not.

*First,* Because such a construction would nullify the purposes of the act by which said section 1103 became a law.

*Second,* Because said section 1100 is not a jurisdictional section; its object is to point out to justices of the peace the method of rendering judgments on promissory notes, bonds, and other instruments in writing; prescribing the duties of such justice, and limiting the rights of parties to actions before him in certain cases. The words, "provided the same shall in nowise exceed $100," seem to have been thrown in lest the general language of the section might be construed as enlarging the jurisdiction of justices to the amount of such note or bond although the same might exceed one hundred dollars, when for a great while after the enactment of this section such jurisdiction was limited in all cases to one hundred dollars.

It will be borne in mind that section 1103 was enacted and took effect June 1st, 1881; while section 1100 has been upon the statute books for at least twelve years prior to that time.

*Third,* Because the limitation contained in section 1103

has a clear meaning and perfect application, without re-sorting to the provisions of section 1100. Section 907, being a part of the same title, provides as follows:

"Justices shall not have cognizance of any action; *First,* To recover damages for an assault, or assault and battery. *Second,* In any action for malicious prosecution. *Third,* In actions against justices of the peace or other officers for misconduct in office, except in the cases provided for in this title. *Fourth,* In actions for slander, verbal or written. *Fifth,* In actions on contracts for real estate. *Sixth,* In actions in which the title to real estate is sought to be recovered, or may be drawn in question, except actions for trespass on real estate, which are provided for in this title."

It was not the intention of the legislature to change or in any manner meddle with these provisions; but had it not been for the exception contained in section 1103 it will be seen at a glance that it would have given justices of the peace jurisdiction in these cases as well as in any others; and it was the intention of the framers of the section, in the use of the language which they did use, to prevent this. Thus we see that we may give to every word of section 1103 an effect and application without resorting to the provisions of section 1100.

Again, as well argued by counsel, if this view be not correct, then for the whole time of the existence of section 1100 prior to June 1st, 1881, the limitation contained in this section had no force or effect whatever, but was lying dormant to come into use upon the enactment of the amendment of 1881; because until such enactment, the jurisdiction of justices in no case exceeded one hundred dollars.

The justice and the district court undoubtedly placed the proper construction upon these statutes, and the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.