A. L. STRANG, PLAINTIFF IN ERROR, V. C. KRICKBAUM,
DEFENDANT IN ERROR.

Jurisdiction of Justice. A justice of the peace has jurisdiction
to the extent of two hundred dollars in an action founded on a.
bond, bill, promissory note, or other instrument in writing, for
the payment of a sum of money certain. *Bullock v. Jordan,* 15.
Neb., 665. *Burton v. Manning,* Id., 669.

ERROR to the district court for York county. Heard
below before NORVAL, J.

*A. C. Montgomery* and *Groff & Montgomery,* for plain-
tiff in error.

*Scott & Gilbert,* for defendant in error.

MAXWELL, J.

In December, 1882, the plaintiff brought an action
against the defendant before a justice of the peace upon two
promissory notes, dated December 23, 1879, each for the
sum of $50.00, with interest at ten per cent. The defend-
ant set up a counter-claim for $50.00, and on the trial of
the cause the jury returned a verdict in his favor for the
sum of $15.00. The plaintiff then appealed the cause to.
the district court, where the *defendant* filed a motion as fol-
lows: " Comes now the defendant and moves the court to
dismiss the cause, for the reason that the justice had no.
jurisdiction of the subject matter." The motion was sus-
tained and the action dismissed. The defendant has failed
to furnish a brief, and we are left entirely to conjecture as
to the grounds upon which the want of jurisdiction was
predicated. It was probably based upon section 1100 of
the Code, which requires the justice, upon entering judg-
ment upon a bond, bill, promissory note, or other instru-
ment of writing for the payment of a sum of money cer-

tain, to endorse thereon the sum for which he shall have entered judgment, "provided the same shall not exceed one hundred dollars," etc.

This question was before this court in *Bullock v. Jordan*, 15 Neb., 665, in which it was held that section 1103 as amended in 1881, whereby the jurisdiction of justices of the peace was extended to $200, controlled section 1100, and that therefore the apparent limitation in section 1100 to $100 was repealed. The same ruling was had in *Burton v. Manning*, 15 Id., 669. These cases are decisive of this. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.